UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION (PLANO)

| | |
|---|---|
| NORMAN EASTWOOD,<br>    *Plaintiff,*<br><br>v.<br><br>WILLOW BEND LAKES HOMEOWNERS ASSOCIATION, INC.,<br><br>    *Defendant.* | Civil Case No.: 4:20-cv-00400 |

### VERIFIED FIRST AMENDED COMPLAINT

#### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts federal claims under the Fair Housing Act; and under 42 U.S.C. § 3613(a)(1)(A) as Plaintiff seeks appropriate relief regarding a discriminatory housing practice under the Fair Housing Act.

2. This Court has personal jurisdiction over Defendant, Willow Bend Lakes Homeowners Association, Inc. pursuant to Fed. R. Civ. P. 4(k)(1) because Defendant's principle place of business is within the state, and because the HOA has committed tortious and discriminatory acts within the state.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), as Defendant resides in this District in which it is subject to the Court's personal jurisdiction, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## PARTIES

4. Plaintiff re-alleges paragraphs 1-3.

5. Plaintiff Norman Eastwood ("Plaintiff" or "Mr. Eastwood") is an individual Texas resident who resides in the city of Plano, Collin County, Texas.

6. Defendant Willow Bend Lakes Homeowners Association, Inc. ("Defendant" or "HOA") is a Texas non-profit corporation which principal and only place of business is in Plano, Texas, Collin County.

## CLAIM

7. Plaintiff re-alleges paragraphs 1-6.

8. Plaintiff Norman Eastwood co-owns (as co-trustee of a revocable trust) and resides in a single-family home with his wife and co-trustee, Dorothy Eastwood, at 5213 Mariners Drive, Plano, Texas 75093 (the "Property").

9. Mr. and Mrs. Eastwood have lived at the Property since 1997.

10. The Property is situated within and is a part of the Defendant HOA's Willow Bend Lakes Community in Plano, Texas.

11. Restrictive covenants, enforced by the Defendant HOA, govern all properties in the HOA's community, including Mr. Eastwood's Property.

12. The restrictive covenants that apply to Mr. Eastwood's Property require that all construction or modifications on properties within the community must be approved by the HOA (or a committee designated by the HOA's Board of Directors).

13. The Willow Bend Lakes Community contains a lake known as the "Spillway Lake" which is surrounded by homes in varying proximities to the lake.

14. Mr. Eastwood's Property backs up to the Spillway Lake, and his rear property line abuts the water's edge of the Spillway Lake.

15. The HOA has an easement for, and maintains, a walking/jogging path for the exclusive use of community members that runs through Mr. Eastwood's backyard which essentially divides his backyard into two approximate halves (the "Path").

16. One half of Mr. Eastwood's backyard runs from the back of his house to the Path. The other half of Mr. Eastwood's backyard runs from the Path to the water's edge of Spillway Lake.

17. Some years ago, Mr. Eastwood constructed an HOA-approved, 4-foot, black, wrought-iron fence on the Property which enclosed the portion of his backyard that runs from the back of his house to the Path. At the time, Mr. Eastwood was content to leave the other half of his backyard unfenced because neighbors were aware and respectful of each other's property lines, and trespassers on the unfenced portion of Mr. Eastwood's backyard were an anomaly.

18. Over the last few years, that situation changed as members of the general public began using the Path, and they, along with members of the HOA community, began routinely exiting the Path and going onto the unfenced portion of Mr. Eastwood's backyard to sit, nap, picnic, fish, feed water birds, exercise and relieve their dogs, and otherwise enjoy his lakeside backyard.

19. Mr. Eastwood believes this area of his backyard is particularly appealing to passersby for the same reason that it is his favorite area of his home to use and enjoy; because it is a long, wide, relatively flat area that although flanked by trees at its ends, is open and gets direct sunlight on a large area of lawn that runs down to the water's edge of Spillway lake. This area is in fact the only portion of Mr. Eastwood's backyard that gets direct sunlight.

20. The near constant presence of strangers on the unfenced portion of his backyard led Mr. Eastwood in mid-2019 to request permission from the HOA to construct a three-sided fence around the back half of his backyard that would leave open the property line of his yard along the water's edge, but prevent people from leaving the Path to go onto his backyard.

21. Over this same period, Mr. Eastwood was being treated for cancer.

22. In June of 2019, the HOA denied Mr. Eastwood permission to construct the proposed fence based on the HOA's interpretation of the restrictive covenants that govern some aspects of the use of Mr. Eastwood's Property. Soon thereafter state court litigation concerning the HOA's interpretation of the restrictive covenants ensued. That lawsuit remains pending in a Collin County District Court.

23. In or around March 2020, Mr. Eastwood along with the rest of our country's citizens began to be aware that the novel corona virus that causes Covid-19 (the "Virus") had entered and was rapidly spreading across the United States, including in Collin and surrounding Texas counties.

24. Over the following several weeks, as more information became known about the Virus, its highly contagious nature, its potentially deadly effect on those with underlying health conditions, and its ability to be transmitted by a significant percentage of asymptomatic carriers (potentially including now, dogs and cats), Mr. Eastwood became aware that his cancer and the chemotherapy treatments' effect in suppressing and compromising his immune system put his life and health at grave risk if he were to contract the Virus.

25. Mr. Eastwood's compromised immune system caused both by the cancer and the chemotherapy treatments substantially limits his ability to engage in the major life activity of being able to be in close contact with persons unknown to him because of the risk to his life and health

that persons carrying a transmittable infection, and in particular the Virus, pose. This condition is a disability, and therefore Mr. Eastwood is a handicapped person as that term is defined by the Fair Housing Act.

26. Given this knowledge of the Virus, Mr. Eastwood had to stop using the unfenced portion of his backyard – the area of his home he most enjoyed and was therapeutic to his recovery from cancer – because of the near constant presence of strangers all over this area of his backyard and the risk that presented to his life and health because of his disability.

27. Mr. Eastwood, in consultation with his treating physician, determined that because of his disability and his resulting susceptibility to an infection, particularly the Virus, Mr. Eastwood could not have an equal opportunity to use and enjoy his home unless he were able to keep off of his Property strangers who could be carrying a communicable infection, particularly the Virus.

28. Knowing that the HOA's interpretation of the restrictive covenants do not allow Mr. Eastwood to construct a fence around the unfenced portion of his backyard, on April 20, 2020, Mr. Eastwood made an urgent written request to the HOA, in accordance with the Fair Housing Act, for a reasonable accommodation to the HOA's interpretation and enforcement of the restrictive covenants that would allow him to construct a fence that would help keep strangers off the unfenced portion of his backyard so that he could use and enjoy and reap the therapeutic benefits of this area of his home again without risking his life or health.

29. Mr. Eastwood's request for accommodation was accompanied by a letter from his treating physician attesting to his disability, its substantial interference with a major life activity, and the nexus between his disability and the need for the accommodation so that Mr. Eastwood could exclude persons from Mr. Eastwood's property.

30. Mr. Eastwood's request for accommodation was also accompanied by three recent date and time-stamped photographs of different groups of strangers gathered on the unfenced portion of Mr. Eastwood's backyard.

31. On the afternoon of May 5, 2020, the Defendant HOA denied Mr. Eastwood's request for accommodation in violation of the Fair Housing Act.

32. Mr. Eastwood is an aggrieved person as defined by the Fair Housing Act, 42 U.S.C.§ 3602(i), and as a direct and proximate result of Defendant's unlawful discriminatory conduct in unlawfully denying Mr. Eastwood's request for reasonable accommodation, Mr. Eastwood has sustained damages.

33. Accordingly, under 42 U.S.C. § 3613(c), Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorney's fees and costs.

## PRAYER

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a) Final judgement against Defendant, declaring that Defendant's denial of Plaintiff's request for reasonable accommodation violated the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq*.

(b) Injunctive relief enjoining Defendant Willow Bend Lakes Homeowners Association, Inc., Defendant's officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with Defendant and who receive actual notice of an injunction issued in this case from taking any action that penalizes or otherwise interferes with Plaintiff's exercise of peaceable actions to exclude persons from entering onto his property at 5213 Mariners Drive, Plano, Texas, including but not limited to the construction of a three-sided fence, provided such fence (i) be constructed pursuant to a city of

    Plano building permit; (ii) conform to any applicable restrictive covenants that control the height, color, design, and materials that may be used to construct a backyard fence in the Defendant HOA's community; (iii) be located entirely within Plaintiff's property lines; and (iv) the construction of which does not unreasonably interfere with any person's use of the HOA's walking/jogging path located on Plaintiff's property.

(c) Awarding punitive damages to Plaintiffs;

(d) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

(e) Granting Plaintiff such other and further relief as may be just and proper.

Dated: May 20, 2020

        **Respectfully submitted,**

        **THE MILES LAW FIRM, PLLC**

        <u>//s// Melissa A Miles</u>
        By: MELISSA A. MILES
        Texas State Bar No. 90001277
        3131 McKinney Avenue, Suite 600
        Dallas, Texas 75204
        Office: (972) 270-4393
        Email: melissa@mileslaw.org
        **ATTORNEY FOR PLAINTIFF**

## VERIFICATION

STATE OF TEXAS

COUNTY OF COLLIN

I, Norman Eastwood, after being duly sworn, hereby swear and affirm that I am qualified and authorized to make this affidavit; that I have read each and every factual allegation of the foregoing Verified First Amended Complaint; that the factual allegations are within my personal knowledge and are true and correct.

_____
Norman Eastwood

Subscribed and sworn to before me this __20__ day of May, 2020.

JOSSETTE M. GRIFFIN
Notary Public, State of Texas
Comm. Expires 05-16-2024
Notary ID 126522011

_____
Notary Public