# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NORMAN EASTWOOD § | |
| § | |
| v. § | Civil Action No. 4:20-CV-00400 |
| § | Judge Mazzant |
| WILLOW BEND LAKE HOMEOWNERS § | |
| ASSOCIATION, INC. § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Norman Eastwood's Verified Emergency Motion for Temporary Restraining Order, and Request for Preliminary and Permanent Injunctions (Dkt. #7). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

This case arises from Defendant Willow Bend Lake Homeowners Association, Inc.'s (the "HOA") denial of Plaintiff's request to put up a second fence in his backyard. In order to understand the nature of this dispute, it is necessary to discuss the events leading up to the filing of this lawsuit.

Plaintiff owns[1] and lives in a single-family home with his wife (the "Property") (Dkt. #1 at p. 2). The Property is located in the Willow Bend Lakes Community in Plano, Texas (Dkt. #1 at p. 2). The Willow Bend Lakes Community is governed by the HOA, which enforces the restrictive covenants that apply to the community, including Plaintiff's Property (Dkt. #1 at p. 2). Of note, the restrictive covenants require that all construction to community properties—such as the installation of a fence—must be preapproved by the HOA (Dkt. #1 at p. 2).

---

[1] Specifically, Plaintiff is a co-trustee of a revocable trust; the trust's assets include the property at issue here (Dkt. #1 at p. 2)

To start, the Property's line backs up to the shore of Spillway Lake (Dkt. #1 at p. 2). Additionally, Plaintiff's backyard is split in half by a jogging path, which the HOA has an easement over (Dkt. #1 at p. 2). The front half of the backyard encompasses the land between the house and the jogging path; the back half includes the land between the jogging path and the lake (Dkt. #1 at p. 2). Plaintiff had the front half of the backyard—the area next to his house—fenced off with an HOA-approved fence (Dkt. #1 at p. 3).

When Plaintiff fenced off that part of the backyard, the jogging path and the unfenced area by the lake were only trafficked by neighbors (Dkt. #1 at p. 3). Trespassers were an anomaly, and neighbors were respectful of property lines (Dkt. #1 at p. 3). In recent years, however, the general public began using the jogging path and going on the unfenced half of the backyard to sit, nap, picnic, fish, feed birds, exercise, and relieve their dogs (Dkt. #1 at p. 3).

In June of 2019, Plaintiff asked permission from the HOA to construct a new three-sided fence around the back half of his backyard—the area between the jogging path and the lake (Dkt. #1 at p. 4). The HOA denied his request, and Plaintiff filed suit in the Collin County District Court to challenge the HOA's interpretation of the restrictive covenant permitting the HOA to deny Plaintiff's request (Dkt. #1 at p. 4). The state case is still ongoing (Dkt. #1 at p. 4).

During this time, Plaintiff was diagnosed with cancer and began chemotherapy treatments, causing Plaintiff's immune system to become compromised (Dkt. #7 at pp. 3–4). According to Plaintiff's doctor, direct sunlight is therapeutic to Plaintiff's physical and psychological recovery from cancer (Dkt. #1 at p. 3; Dkt. #7, Exhibit 1). But, the only portion of Plaintiff's backyard that gets direct sunlight is the unfenced half of the backyard, which is being used by the general public (Dkt. #1 at p. 3). Now, due to Plaintiff's compromised immune system and his susceptibility to Covid-19, Plaintiff's doctor believes that it is risky for Plaintiff to be around people who are not a

part of his household (Dkt. #1 at p. 4; Dkt. #7, Exhibit 1). For this reason, Plaintiff and his doctor decided that it is not safe for him to use the unfenced half of his backyard (Dkt. #1 at p. 4; Dkt. #7, Exhibit 1).

Based on these facts, on April 20, 2020, Plaintiff asked the HOA for a reasonable accommodation under the Fair Housing Act (the "FHA"), 42 U.S.C. §§ 3601–31, to the HOA's interpretation and enforcement of the restrictive covenants on the Property (Dkt. #7 at p. 5). In particular, he sought a reasonable accommodation allowing him to build the second fence due to his disability of having an impaired immune system (Dkt. #7 at p. 7). Such an accommodation was necessary, according to Plaintiff, so that he would have an equal opportunity to use and enjoy the entire Property (Dkt. #1 at p. 5; Dkt. #7 at p. 7). On May 5, 2020, however, the HOA rejected his request (Dkt. #1 at p. 6; Dkt. #7 at p. 5).

Accordingly, on May 13, 2020, Plaintiff filed this suit against Defendant, asserting that the HOA violated the FHA when it rejected Plaintiff's reasonable accommodation (Dkt. #1 at p. 6). Additionally, on May 20, 2020, Plaintiff filed a motion for preliminary injunction (Dkt. #7). Then, on June 5, 2020, the Court heard arguments from the parties regarding the preliminary injunction. After the hearing, on June 10, 2020, Defendant filed its response (Dkt. #13). On June 16, 2020, Plaintiff filed his reply (Dkt. #16).

**LEGAL STANDARD**

A party seeking a preliminary injunction must establish the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). "A preliminary

injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.* Nevertheless, a movant "is not required to prove its case in full at a preliminary injunction hearing." *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1985) (quoting *Univ. of Tex. v. Comenisch*, 451 U.S. 390, 395 (1981)). The decision whether to grant a preliminary injunction lies within the sound discretion of the district court. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

## ANALYSIS

Plaintiff asks the Court to enjoin the HOA from preventing him from building a fence around the area of his Property between the jogging path and the lake. Plaintiff maintains that he has established that he can show all four required elements to obtain a preliminary injunction. The Court disagrees, finding that Plaintiff cannot meet the first element of the preliminary-injunction analysis—substantial likelihood of success on the merits.

**I.      Substantial Likelihood of Success on the Merits**

Plaintiff first argues that he has a substantial likelihood of success on the merits of his claim under the FHA. Specifically, Plaintiff claims that the HOA discriminated against him as a disabled person by denying his request for an accommodation to build a fence (Dkt. #7). Defendant counters that Plaintiff cannot succeed on his claim because the FHA does not apply here and because Plaintiff has not established that Defendant discriminated against him (Dkt. #13). Assuming that the FHA applies in this case, the Court finds that Plaintiff has not sufficiently established his discrimination claim; thus, Plaintiff is unlikely to succeed on the merits for the purpose of injunctive relief.

The FHA makes it unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or

renter; (B) a person residing in that dwelling after it is sold, rented, or made available; or (C) any person associated with that buyer or renter. 42 U.S.C. § 3604(f)(1). "Discrimination" includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

To establish a claim of discrimination based on the HOA's failure to reasonably accommodate, Plaintiff must prove the following elements:

> (1) that the plaintiff . . . is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the disability; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.

*Chavez v. Aber*, 122 F. Supp. 3d 581, 595 (W.D. Tex. 2015) (citations omitted); *see also Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003); *Shaw v. Habitat for Humanity of Citrus Cty., Inc.*, 938 F.3d 1259, 1264 (11th Cir. 2019).

As for the first element, a person is handicapped under the FHA if he "(1) has a physical or mental impairment which substantially limits one or more of [his] major life activities; (2) has a record of having such impairment; or (3) is regarded as having such an impairment." 42 U.S.C. § 3602(h). "Major life activities constitute tasks central to most people's daily lives." *Kearins v. Village Creek of El Dorado Home Owners' Assoc., Inc.*, No. 4:17-CV-769, 2019 WL 2266635, at *4 (E.D. Tex. Mar. 5, 2019) (citation omitted), *report and recommendation adopted by* No. 4:17-CV-769, 2019 WL 1760521 (E.D. Tex. Apr. 22, 2019). "Major life activities include such functions as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id*.

5

Here, Plaintiff asserts that he suffers from a physical impairment due to his compromised immune system; he contends that this impairment limits his major life activity of "being in close proximity to persons unknown to him"[2] (Dkt. #7 at p. 4). Plaintiff points to no case—and the Court finds none—supporting Plaintiff's argument that staying away from strangers is a major life activity. Rather, the Court finds that this activity falls outside of the range of major life activities—those central to daily life such as walking, seeing, and breathing.[3] As such, Plaintiff has not established that he has a physical impairment substantially limiting his major life activities and, thus, has not shown that he is handicapped under 42 U.S.C. § 3602(h). Furthermore, because he has not established that he is handicapped, Plaintiff cannot prove that he was discriminated against based on a handicap. The Court therefore finds that Plaintiff has not demonstrated a substantial likelihood of success on the merits of his discrimination claim under the FHA.

As Plaintiff has not shown a substantial likelihood of success on the merits, "the Court need not proceed through the remaining analysis to determine whether [Plaintiff is] entitled to a preliminary injunction." *See Grae v. Alamo City Motorplex, LLC*, No. 5:18-CV-664-DAE, 2018 WL 4169311, at *10 (W.D. Tex. July 13, 2018) (citing *Black Fire Fighters Ass'n of Dall. v. City of Dall.*, 905 F.2d 63, 65 (5th Cir. 1990) (stating that "[t]he denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria") (emphasis in original)); *see also Nichols*, 532 F.3d at 372 (stating that a preliminary injunction

---

[2] Plaintiff relies on the fact that the HOA "does not dispute . . . that [Plaintiff] is a handicapped person within the meaning of 42 U.S.C. § 3602(h)." (Dkt. #16 at p. 3). But, that alone is not enough. Rather, it is Plaintiff's burden to prove—not the HOA's burden to disprove—that Plaintiff is indeed handicapped. *See Nichols*, 532 F.3d at 372 (stating that the plaintiff has the burden to prove all four elements required for a preliminary injunction, including a substantial likelihood of success on the merits).

[3] To the extent that Plaintiff might argue that his major life activity of being in the sun is limited, such an activity is more recreational in nature and, thus, would not qualify as a major life activity. *See, e.g.*, *Shannon v. Henderson*, 275 F.3d 42, 42 (5th Cir. 2001) (per curiam) (recognizing that a number of courts have found that recreational activities do not constitute major life activities); *Smith v. Tuesday Morning Corp.*, No. 3-06CV1046-R ECF, 2007 WL 2851107, at *3 (N.D. Tex. Oct. 2, 2007) (stating that "recreational activities are not major life activities").

"should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements"). Importantly, "[a]s the Fifth Circuit has reminded courts, the decision to grant a preliminary injunction is treated as the exception rather than the rule." *Grae*, 2018 WL 4169311, at *10 (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Norman Eastwood's Verified Emergency Motion for Temporary Restraining Order, and Request for Preliminary and Permanent Injunctions (Dkt. #7) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff Norman Eastwood's Verified Application for Temporary Restraining Order, and Preliminary and Permanent Injunctions (Dkt. #5) is hereby **DENIED as moot**.

**SIGNED this 22nd day of June, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE